**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR FIVE DROPBOX ACCOUNTS SERVICED BY DROPBOX, INC.** | ML No. _____ |

*Reference:*   DOJ Ref. # CRM-182-63767; Subject Accounts: m.chmielewski@10101.pl, dariusz.hepert@gmail.com, jaroslawtu@gmail.com, tomasz.durzalski@gmail.com, and pawel.patulski@op.pl

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Dropbox, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with m.chmielewski@10101.pl, dariusz.hepert@gmail.com, jaroslawtu@gmail.com, tomasz.durzalski@gmail.com, and pawel.patulski@op.pl, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.	PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.	Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.	Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.	A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5.	Authorities in Poland are investigating Dariusz Hepert, Jarosław Turski, Michał Chmielewski, Tomasz Durzalski, and Paweł Patulski for abuse of public authority and money laundering offenses, which occurred between approximately 2013 and 2016, in violation of the criminal law of Poland, specifically, Articles 258, 284, 296 and 299 of the Criminal Code of Poland. A copy of the applicable laws are appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

requested records to assist in the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, between approximately 2013 and 2016, the Court of Appeals in Kraków ("the Court") contracted with a company called Hedkom, owned in part by Dariusz Hepert ("Hepert"), to perform work relating to service support and installation of IT systems for the Court. Despite Hedkom completing the work in fulfillment of its contract, Hepert, along with his partners Jarosław Turski ("Turksi") and Michał Chmielewski ("Chmielewski"), and a subcontractor, Tomasz Durzalski ("Durzalski"), (collectively, the "Hedkom Group"), conspired with top officials in the Court, including the Director and the Chief Accountant of the Court, to have other companies under the Hedkom Group's control, such as S-PRO Spotlka, IT & Inwest, Pidiko, and JMD Tech (the "companies") enter into fictitious contracts with the Court for the same work that the Court had already contracted with Hedkom to complete, or for work already within the normal duties of existing Court employees.

7. In an effort to make the fictitious contracts look legitimate, the Director and Chief Accountant of the Court often instructed the companies to assign the contracted tasks to certain Court employees (the "designated employees") who would allegedly complete the contracted work during their off-duty hours. Although the designated employees were paid for the alleged extra work, the designated employees did not perform any extra work. The companies then issued fictitious invoices to the Court for work that had already been completed by Hedkom, or otherwise performed by Court employees within the normal course of their employment with the Court. In sum, the Court made payments in excess of PLN 30,000,000 (approximately USD 8.25 million) in fictitious invoices for work never performed or duplicative work already performed.

8. Further, the Polish authorities believe that the companies did not actually carry

out any regular business function, but existed solely for the purpose of carrying out this fraud scheme. For example, when registering the company, JMD Tech provided a false address for their company headquarters. Polish authorities determined that the address provided by JMD Tech is located within a residential apartment building and the tenant confirmed that a company did not operate out of that location.

9. In a statement, Hepert informed Polish authorities that members of the Hedkom Group created accounts with Dropbox, Inc. ("Dropbox") on January 1, 2015, and stored many of the documents related to the fraud scheme in their respective Dropbox accounts, including, but not limited to, management and organizational materials for the companies, value added tax ("VAT") invoices for the Court, VAT schedules, records of concluded contracts with the Court, and gift expenditures for members of the Court.

10. Polish authorities do not have Hepert in pretrial detention and consequently believe he had the ability to access and modify the Dropbox account linked to his e-mail account dariusz.hepert@gmail.com from January 1, 2015 through and including March 25, 2018. Similarly, Polish authorities believe that Patulski, Durzalski and Turski, who also remain at large, had the ability to modify their Dropbox accounts associated with their respective e-mail accounts pawel.patulski@op.pl, tomasz.durzalski@gmail.com, and jaroslawtu@gmail.com from January 1, 2015 to at least March 25, 2018.

11. According to Polish authorities, Chmielewski used his Dropbox account from January 1, 2015 to February 24, 2017. As of August 6, 2018, Chmielewski remains in pretrial detention and has refused to provide access to the Dropbox account associated with his e-mail account m.chmielewski@10101.pl. However, in a statement to authorities, he indicated that Hepert and other third parties still at large have unlimited access to the Dropbox accounts,

including his Dropbox account through and including March 25, 2018.

12. To further their investigation and prosecution of the Hedkom Group, Polish authorities seek certain records for the Dropbox accounts associated with the e-mail accounts m.chmielewski@10101.pl, dariusz.hepert@gmail.com, jaroslawtu@gmail.com, tomasz.durzalski@gmail.com, and pawel.patulski@op.pl.

13. The provider for the Dropbox accounts associated with the e-mail accounts m.chmielewski@10101.pl, dariusz.hepert@gmail.com, jaroslawtu@gmail.com, tomasz.durzalski@gmail.com, and pawel.patulski@op.pl is PROVIDER.

## REQUEST FOR ORDER

14. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Jason F. Cunningham
Trial Attorney
MA Bar Number 673495
Office of International Affairs
Criminal Division, Department of Justice

                      1301 New York Avenue, N.W., Suite 800  
                      Washington, D.C.  20530  
                      (202) 616-3596 telephone  
                      (202) 514-0080 facsimile  
                      Jason.Cunningham@usdoj.gov

**Relevant Provisions of the Criminal Code of Poland**

**Article 258**
**Section 1**
Whoever participates in an organized group or association whose purpose is to commit a crime or a fiscal crime, shall be liable to imprisonment for a term of between 3 months and 5 years.

**Article 284**
**Section 2**
Anyone who appropriates movable property entrusted to him or her shall be subject to the penalty of imprisonment for a term of between 3 months and 5 years.

**Article 296**
**Section 1**
Anyone who, while being obliged under a legal provision, a decision of an appropriate authority or a contract to manage the property or business of a natural person, a legal person or an organizational unit without legal personality, by abusing the authority vested in him or her, or failing to fulfil his or her obligations, inflicts substantial property damage on such a natural person, a legal person or an organization unit without legal personality, shall be liable to imprisonment for the period of 3 months to 5 years.

…

**Section 3**
If the perpetrator of a crime specified in Section 1 or 2 causes large-scale property damage, the perpetrator shall be liable to imprisonment for a period of 1 to 10 years.

**Article 299**
**Section 1**
Whoever accepts, possess, uses, transfers or transports abroad, hides, transfers or converts, assists in the transfer of title or possession of means of payment, financial instruments, securities, foreign exchange values, property rights or other moveable or real property obtained from proceeds of prohibited acts, or takes other actions which may prevent or make it significantly more difficult to determine their criminal origin or place of deposition, their detection, seizure or declaration of their forfeiture, shall be liable to the penalty of imprisonment of 6 months up to 8 years.